Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6467 | **DATE** | 5/23/2001 |
| **CASE TITLE** | JEROME J. NOWAK vs. PALATINE COMMUNITY CONSOLIDATED SCHOOL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 7/12/01 at 9:30A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants' motion to dismiss is granted in part and denied in part. Nowak is given leave to amend his complaint as to his Section 1983 claims to allege sufficient facts to support those claims if such facts exist, on or before 6/13/01. Defendants are given to and including 6/27/01 in which to answer or otherwise plead to amended complaint.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | MAY 29 2001 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | 15 |
| | Mail AO 450 form. | E0-7 FILED FOR DOCKETING 01 MAY 25 PM 12:28 | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JEROME J. NOWAK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 00 C 6467 |
| ) | Paul E. Plunkett, Senior Judge |
| PALATINE COMMUNITY ) | |
| CONSOLIDATED SCHOOL ) | |
| DISTRICT NO. 15 and ) | |
| WILLIAM WILLETTS, ) | |
| ) | |
| Defendants. ) | |

DOCKETED
MAY 29 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff Jerome J. Nowak ("Nowak") has filed a complaint against Palatine Community Consolidated School District ("the District") and William Willetts ("Willetts") (collectively referred to as defendants) alleging that defendants discriminated against him in violation of Title VII of the Civil Rights Act of 1964, the Equal Pay Act of 1963, the Age Discrimination in Employment Act of 1967, and 42 U.S.C. §§ 1981 and 1983. Defendants have filed a motion to dismiss Nowak's complaint in its entirety. For the reasons stated herein, defendants' motion to dismiss is granted in part and denied in part.

-1-

## Facts

Nowak's EEOC charge[1] alleges defendants discriminated against him on the basis of sex, age, and equal pay. (See Nowak's EEOC charge.) According to his EEOC charge, Nowak is a (42) year old male. (Id.) He has been employed by the District as a bus driver since February of 1999. (Id.) Despite doing essentially the same work as younger female drivers who were hired after Nowak, his wages are three dollars ($3.00) per hour less than theirs. (Id.) In addition, his female co-workers have easier access to a restroom than he does. (Id.)

Nowak's "Civil Cases for Litigants Without Lawyers" simplified complaint alleges that defendants discriminated against him on the basis of sex, age, equal pay, and national origin. (Nowak's Compl. at ¶ 9.) His complaint also alleges facts not contained in his EEOC charge. For instance, his complaint alleges that defendants failed to give him equal pay and equal hours as that of newly hired foreign women and younger men. (Id. ¶ 12.) In addition, his complaint alleges that one of the women was given an assistant. (Id. ¶ 13.)

As a result of the forgoing described conduct, Nowak is seeking back pay equaling that of the employees paid at a higher rate. (Id. ¶ 16.) In addition, Nowak is requesting future wages in the amount of sixteen dollars ($16.00) per hour and the guarantee of a minimum of a forty (40) hour work week. (Id.)

---

[1]Nowak filed his EEOC charge and his complaint pro se. However, he is now represented by counsel.

## Legal Standard

On a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations in the complaint must be taken as true, with all reasonable inferences drawn in the plaintiff's favor. See Sherwin Manor Nursing Ctr., Inc. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir. 1994). A complaint may be dismissed only if it is clear that no set of facts consistent with its allegations would entitle the plaintiff to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## Discussion

### Nowak's Title VII claims for sex and national origin discrimination.

Defendants have moved to dismiss Nowak's Title VII claims alleging that defendants discriminated against him on the basis of sex and national origin. As an initial matter, the Title VII claims against Willetts must be dismissed. In Molnar v. Booth, 229 F.3d 593, 599 (7th Cir. 2000), the Seventh Circuit reiterated the fact that "an individual supervisor does not fall within the definition of the term "employer" for Title VII purposes." As a result, the Title VII claims against Willetts are dismissed with prejudice.

Defendants have moved to dismiss the Title VII national origin claim against the district on the basis that the claim was not timely included in Nowak's EEOC charge. While Nowak's complaint alleges discrimination on the basis of national origin,[2] his EEOC charge does not.[3] In its

---

[2] In the "check all that apply" section of Nowak's simplified complaint, he alleged that he was discriminated against on the basis of age, sex, and national origin.

[3] In contrast to his complaint, in the "check appropriate box(es)" section of the EEOC charge of discrimination worksheet, Nowak alleged that he was discriminated against on the basis of sex and age, but not national origin.

entirety, Nowak's EEOC charge states:

> I have been employed at Respondent school district since February 1999. I work as a school bus driver. I am a male who is 42 years of age (d.o.b. 6-22-57). I do essentially the same work as younger female drivers who were hired after me. However, my wages are $3.00 and (sic) hour less. Additionally, females working in my department have easier access to a restroom in the lounge, whereas the men's restroom is located in a more remote area near the driver's lounge.
>
> I believe I have been discriminated against because of my sex, male, in violation of Title VII of the Civil Rights Act of 1964, as amended, the Equal Pay Act of 1963, and because of my age, 42 (d.o.b. 6-22-57), in violation of the Age Discrimination in Employment Act of 1967, as amended.

(See Nowak's EEOC charge).

Generally, allegations that are not contained in an EEOC charge cannot be contained in a subsequent complaint filed in district court. Oates v. Discovery Zone, 116 F.3d 1161, 1168 (7th Cir. 1997). However, allegations which are not explicitly brought in charges filed with the EEOC can still be included in a judicial complaint so long as: "(1) the claim is like or reasonably related to the EEOC charges, and (2) the claim in the complaint reasonably could develop from the EEOC investigation into the original charges." Harper v. Godfrey Co., 45 F.3d 143, 148 (7th Cir. 1995); see also Babrocky v. Jewel Food Co., 773 F.2d 857, 864 (7th Cir. 1985). "The claims are not like or reasonably related unless there is a factual relationship between them. This means that the EEOC charge and the complaint must, at a minimum, describe the same conduct and implicate the same individuals." Cheek v. Western & Southern Life Ins. Co., 31 F.3d 497, 501 (7th Cir. 1994).

The liberal policy behind allowing new allegations is premised on the fact that EEOC charges are generally filed by laypersons and not lawyers. Cheek, 31 F.3d at 500. However, this policy is

-4-

not without limitations. Our holding cannot have the effect of frustrating the EEOC's investigatory and conciliatory role or deprive the defendants of notice of the new charges. Id.

We find that Nowak is barred from asserting any claims alleging that he was discriminated against on the basis of national origin. As stated above, see supra p. 3 at n. 2-3, Nowak failed to check the appropriate box to allege discrimination based on national origin, which would have alerted the EEOC and defendants of the charge. In addition, Novak's EEOC narrative fails to even suggest facts supporting a claim for discrimination based on national origin. By failing to even suggest such an allegation, Nowak circumvented the EEOC's investigatory and conciliatory roles and deprived defendants of notice. See Grandy v. Gateway Found., 1999 WL102777 *2 (N.D.Ill. Feb. 22, 1999)(the court granted summary judgment for defendants on plaintiff's ADEA claim because plaintiff's EEOC charge made no mention of it). As a result, Nowak's national origin discrimination claim is dismissed with prejudice.

Next, defendants contend that Nowak's sex discrimination claim against the District must be dismissed because the EEOC charge and the complaint "describe different types of alleged discriminatory conduct." (Def.'s Mot. Dismiss at 7.) Nowak's EEOC charge alleges disparate treatment in favor of "younger women," while his complaint alleges disparate treatment in favor of "younger foreign women." Essentially, defendants' contention is that these two allegations are "by no means reasonably related" and, therefore, the new allegations in the complaint run afoul of Harper. Id. at 7-8; Harper, 45 F.3d at 148. We disagree. With regard to the merits of a sex discrimination claim, it is irrelevant whether the women are described as "younger foreign women" or just "younger women." In fact, Nowak's sex discrimination claim contained in his complaint is not only "like or reasonably related" to his EEOC charge, it is probably identical. Harper, 45 F.3d

at 148. As a result, defendants' motion to dismiss Nowak's sex discrimination claim against the District is denied.

Finally, defendants argue that we should strike certain allegations in Nowak's sex discrimination claim contained in his complaint pertaining to "higher weekly hours" and the "assistant" because these new allegations are not "like or reasonably related" to the allegations in his EEOC charge. (Defs.' Mot. Dismiss at 7-8) Nowak's EEOC charge alleges disparate treatment with regard to equal pay. Along with pay, Nowak's complaint alleges disparate treatment with respect to equal hours. (Nowak's Compl. at ¶ 12.)

Even if we assume that allegations of unequal pay and unequal hours are "like or reasonably related," allowing Nowak to keep his unequal hours claim would run afoul of the second prong of Harper. Harper, 45 F.3d at 148. In other words, the new allegations contained in Nowak's complaint could not reasonably have developed from the EEOC investigation into his original charges. Id. An EEOC investigation into Nowak's unequal pay charge would have been limited to analyzing payroll documents as opposed to time sheets. As a result, an EEOC investigation would not necessarily have uncovered Nowak's claim that other employees were receiving more hours. Therefore, Nowak's disparate treatment allegations with respect to other workers receiving higher hours are stricken. In addition, the allegation that one of the women had an assistant is not like or reasonably related to any of the claims made in Nowak's EEOC charge, nor could this fact have been uncovered from an EEOC investigation into his original charges. As a result, any references to the alleged "assistant" are also stricken.

### Nowak's ADEA claims

Defendants have moved to dismiss Nowak's age discrimination claims asserted against the District and Willetts. Like Nowak's Title VII claims against Willetts, his ADEA claim against Willetts must also be dismissed. According to Matthews v. Rollins Hudig Hall Co., 72 F.3d 50, 52 n.3 (7th Cir. 1995), individuals do not meet the definition of "employer" under the ADEA and, therefore, individual supervisors cannot be sued under the ADEA. As a result, the ADEA claim against Willetts is dismissed with prejudice.

The crux of defendants' argument that Nowak's ADEA claim against the District must be dismissed is that the new allegations in his complaint are not "like or reasonably related" to the allegations in his EEOC charge. Harper, 45 F.3d at 148. Nowak's EEOC charge only makes references to younger female employees. However, his complaint alleges that subsequently hired younger men were paid at a higher rate. Defendants are correct that these new allegations are barred. Arguably, an ADEA claim alleging younger men were hired may be "like or reasonably related" to a claim alleging younger women were hired. Id. However, the allegations concerning the hiring of younger men could not reasonably have developed from an EEOC investigation into whether younger women were being hired. Id. In addition, because Nowak's EEOC charge implicates younger women being hired as opposed to younger men, his complaint fails to "describe the same conduct and implicate the same individuals." Cheek, 31 F.3d at 501. As a result, any allegations with regard to the hiring of younger men are stricken.

Nonetheless, contrary to defendants' contention, we find that Nowak's complaint does state a cause of action under the ADEA with regard to younger women being hired subsequent to him at a higher pay rate. In addition to alleging that younger men were being hired at a higher pay rate,

Nowak's complaint alleges that "younger persons" were being hired at higher wages. (Nowak's Compl. at ¶ 13.) While we find this statement cannot support a claim of age discrimination by the defendants in favor of younger men, because Nowak's EEOC charge alleges younger women were hired at higher wages, it can certainly be used to allege discrimination in favor of younger women. Therefore, Nowak is given leave to amend his ADEA claim to allege that younger women were being hired at a higher pay rate.

### Nowak's § 1981 claims

Defendants' argue that we should dismiss Nowak's § 1981 claim against the District because "Section 1981 does not prescribe national origin discrimination." (Defs.' Mot. Dismiss at 12.) In Von Zuckerstein v. Argonne Nat'l Lab., 984 F.2d 1467, 1472 (7th Cir. 1993), the Seventh Circuit held that "claims founded on [foreign born] status are not cognizable under § 1981, which is designed to remedy discrimination based on race or ethnicity." Based on this holding, Nowak's § 1981 claim alleging discrimination on the basis of national origin must be dismissed. Of necessity, his claims against Willetts also fail.

### Nowak's § 1983 claims

Defendants have moved to dismiss Nowak's § 1983 claims against Willetts and the District. In order to state a cognizable claim under § 1983, a plaintiff must allege: (1) he held a constitutionally protected right; (2) he was deprived of that right in violation of the U.S. Constitution; (3) the defendant intentionally caused this deprivation; and (4) the defendant acted under color of state law. McNabola v. Chicago Transit Auth., 10 F.3d 501, 513 (7th Cir. 1993). In

order to state a claim for individual liability under § 1983, a plaintiff must allege that the individual was personally involved in the alleged constitutional violation. <u>Kelly v. Marion County Mun. Ct.</u>, 97 F.3d 902, 909 (7th Cir. 1996). Based on Nowak's complaint, he has failed to allege facts sufficient to support a § 1983 claim against either Willetts or the District. As a result, his § 1983 claims are dismissed. However, we grant Nowak leave to amend his complaint to allege sufficient facts if such facts exist.

## Conclusion

Defendants' Rule 12(b)(6) motion to dismiss is granted in part and denied in part. With regard to Nowak's Title VII claims for sex and national origin discrimination against defendants Willetts and the District, defendant Willetts is dismissed with prejudice. In addition, Nowak's Title VII national origin discrimination claim against the District is dismissed with prejudice. However, Nowak's Title VII sex discrimination claim against the District survives, but any references to "younger foreign women," "higher weekly hours," or an "assistant" are stricken. With respect to Nowak's ADEA claims against Willetts and the District, the ADEA claim against Willetts is dismissed with prejudice. However, Nowak's ADEA claim against the District survives, but any references to "younger men" or "younger persons" are stricken. Nowak is given leave to amend his ADEA claim to allege "younger women" as opposed to "younger persons." Nowak's § 1981 claims against Willetts and the District are dismissed with prejudice. Nowak is given leave to amend his complaint as to his § 1983 claims to allege sufficient facts to support those claims if such facts exist. Nowak has twenty-one (21) days from the date of this Memorandum Opinion and Order in which to file an amended complaint. Defendants have fourteen (14) days from the date of receipt of the amended complaint in which to respond.

**ENTER:**

*[signature]*

**UNITED STATES DISTRICT JUDGE**

DATED: 5-23-01